IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CHOPRA MICHELETTI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-245-RP |
| | § | |
| JAMIE MCGREGOR and | § | |
| USA RUGBY, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order amends the Court's order at Docket Entry 22 to clarify that Plaintiff's claims are dismissed without prejudice for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants' motions to dismiss, (Dkts. 9, 10). (R. & R., Dkt. 18). Plaintiff timely filed objections, (Objs., Dkt. 19), and Defendants filed a response, (Dkt. 20). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

Plaintiff Christopher Chopra Micheletti ("Plaintiff"), proceeding *pro se*, brings this case against Defendants USA Rugby ("USA Rugby") and Jamie McGregor ("McGregor"), the Director of Training and Education at USA Rugby (collectively, "Defendants"). (R. & R., Dkt. 18, at 1). Plaintiff is a rugby referee who works as an independent contractor for various rugby organizations, including National Collegiate Rugby ("NCR"). He alleges that USA Rugby blocks Major League Rugby ("MLR") from using any referee who participates in NCR events. Micheletti alleges he was denied the opportunity to contract with MLR to referee matches based on allegedly malicious and false statements McGregor made to MLR. Micheletti, who is Canadian, also asserts that American

1

referees who contract with NCR are not prevented from working with MLR. (*Id.* at 1–2). In his Complaint, Plaintiff asserts a variety of claims including tortious interference with business relationships, retaliation, tortious interference with contracts, defamation, discrimination, denial of equal rights under the law, intentional infliction of emotional distress, and violation of the Ted Stevens Act, 36 U.S.C. § 220501, *et seq.* (*Id.* at 2).

McGregor and USA Rugby separately moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 9, 10). Plaintiff responded to the motions, (Dkts. 12, 13), and Defendants separately replied, (Dkts. 16, 17). By text order, the Court referred the motions to dismiss to United States Magistrate Judge Mark Lane.

In his report and recommendation, the magistrate judge recommends that this Court grant Defendants' motions. (R. & R., Dkt. 18, at 17). The magistrate judge found that Plaintiff's Ted Stevens Act claims should be dismissed because there is no private right of action under the Act. (*Id.* at 8–9). In addition, the magistrate judge found that the Ted Stevens Act "not only preempts eligibility challenges brought directly under the Act, but other state law causes of action that essentially sought relief for issues governed by the Act." (*Id.* at 9). As such, the magistrate judge found that the Act preempts Plaintiff's state-law claims for tortious interference with prospective business relationships, tortious interference with contract, intentional infliction of emotional distress, and defamation. (*Id.* at 9–13). In the alternative, the magistrate judge recommends that the Court dismiss Plaintiff's tortious interference with contract and intentional infliction of emotional distress claims as inadequately pleaded, if the Court does not find these claims preempted. (*Id.* at 11–13). Last, the magistrate judge found that although the Ted Stevens Act preempts Plaintiff's state-law claims, it does not preempt federal claims. (*Id.* at 9–10). Nonetheless, the magistrate judge found that Plaintiff's retaliation, discrimination, and denial of equal rights claims should be dismissed as inadequately pleaded because Plaintiff did not specify the legal basis for these claims in his

complaint. The magistrate judge ordered Plaintiff to replead these claims if he wished to pursue them. (*Id.* at 14–15). In conclusion, the magistrate judge recommends that the Court dismiss Plaintiff's state-law claims with prejudice and his federal claims without prejudice. (*Id.* at 17).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

The Court agrees with the magistrate judge that the Ted Stevens Act claim should be dismissed because there is no private right of action under the Act. The Court also agrees that the Act preempts Plaintiff's state-law claims and that those claims should be dismissed.[1] Last, the Court agrees that Plaintiff's retaliation, discrimination, and denial of equal rights claims should be dismissed as inadequately pleaded. Accordingly, for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and grants Defendants' motions to dismiss Plaintiff's complaint. However, because the Ted Stevens Act and state-law claims were dismissed for lack of subject-matter jurisdiction, they should be dismissed without prejudice. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("Our precedents also make clear that a jurisdictional dismissal must be *without* prejudice to refiling in a forum of competent jurisdiction."). Because the magistrate judge recommended dismissal of the state-law claims with prejudice, the Court will clarify that these claims are dismissed without prejudice.

At the conclusion of the report and recommendation, the magistrate judge ordered Plaintiff to file an amended complaint within 14 days so that he could reassert any federal claims he wished

---

[1] Because the Court agrees with the magistrate judge's preemption recommendation, the Court does not reach the issue of whether any state-law claims should be dismissed as inadequately pleaded.

to pursue, i.e., his retaliation, discrimination, and denial of equal rights claims. (R. & R., Dkt. 18, at 17). Because the report and recommendation was filed on June 26, 2025, Plaintiff's deadline for filing an amended complaint was July 10, 2025. However, Plaintiff did not comply with the magistrate judge's order. Accordingly, the Court finds it appropriate to enter final judgment.

For these reasons, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 18), is **ADOPTED** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkts. 9, 10), are **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on September 11, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE